**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-02175-WJM

WILLIAM R. STEVENSON,

      Applicant,

v.

WARDEN RAE TIMME, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

      Applicant, William R. Stevenson, is in the custody of the Colorado Department of Corrections. He is incarcerated currently at the Colorado Territorial Correctional Facility in Canón City, Colorado. Mr. Stevenson has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his criminal conviction in the District Court of Adams County, Colorado. He has been granted leave to proceed *in forma pauperis.*

      In an August 20, 2012 order, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After obtaining an extension of time, Respondents submitted a pre-answer response on September 27, 2012. Applicant filed a reply on October 15, 2012.

The Court must construe liberally the Application filed by Mr. Stevenson because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied in part.

## I. Background and State Court Proceedings

On July 24, 2008, Mr. Stevenson was convicted by a jury of aggravated robbery in Adams County District Court Case No. 07CR508. (ECF No. 1, at 2 of 88). He was sentenced to a twenty-four year term of imprisonment. (*Id.*).

The Colorado Court of Appeals affirmed Mr. Stevenson's conviction on direct appeal in *People v. Stevenson,* No. 08CA2057 (Colo. App. June 23, 2011) (unpublished decision). (ECF No. 13-3). The Colorado Supreme Court denied Applicant's request for certiorari review on March 5, 2012. (ECF No. 13-5).

Mr. Stevenson did not file any motions for post-conviction review in the state trial court.

Mr. Stevenson initiated this action on August 16, 2012. He asserts the following three claims in the Application: (1) his Fourth Amendment right to be free from unreasonable seizures was violated because his arrest was not supported by probable cause, and, therefore, any evidence gathered subsequent to his arrest was inadmissible fruit of the poisonous tree; (2) his Fifth Amendment privilege against self-incrimination was violated because his *Miranda* advisement was inadequate, and, therefore, his subsequent confession and any evidence obtained therefrom were inadmissible; (3) his

Sixth Amendment right to speedy trial was violated when the trial court improperly continued the trial to allow him to obtain replacement counsel. (ECF No. 1, at 10-33).

## II.  Timeliness of Application

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). (*See* ECF No. 13, at 3).

## III.  Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the

3

federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).  A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).  A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

**A. Claims One and Two**

Respondents concede, and Mr. Stevenson's opening brief reflects, that Applicant presented claims one and two to the Colorado Court of Appeals as federal constitutional claims on direct appeal. (*See* ECF No. 13-1, at 5-20 of 45).  Applicant further presented these claims to the Colorado Supreme Court in his petition for certiorari review.  (*See*

*generally* Doc. No. 13-4). As such, the Court finds that Mr. Stevenson exhausted state court remedies for claims one and two.

**B.  Claim Three**

Respondents contend that Mr. Stevenson has committed an anticipatory procedural default of claim three because he failed to exhaust state remedies and if he attempted to do so now, his claim would be barred by Colo. R. Crim. P. 35(c)(3)(VII).

The Court finds that Mr. Stevenson's presentation of his speedy trial claim to the Colorado Court of Appeals did not satisfy the fair presentation requirement because Applicant failed to connect the claim to a violation of federal law. Mr. Stevenson did not cite to the Sixth Amendment of the federal Constitution or label the claim as a "federal" claim, and he relied exclusively on his right to speedy trial under COLO. REV. STAT. ("C.R.S.") § 18-1-405(1) and Colo. R. Crim. P. 48(b)(1). (ECF No. 13-1, at 27-34). *See Anderson v. Harless*, 459 U.S. 4, 6-7 (1982) (per curiam) (petitioner failed fairly to present federal habeas claim to state courts where, in state court proceedings, he relied only upon state law authority to challenge jury instruction). His failure to mention the Sixth Amendment or the federal Constitution in the context of arguing a denial of his right to speedy trial are particularly discernable given his numerous citations to the federal Constitution and supporting federal case law in connection with his other claims.[1] *See Duncan*, 513 U.S. at 366 (holding that federal due process claim asserted in federal habeas petition was not exhausted where the prisoner "did not apprise the state court of his claim that the evidentiary ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the

---

[1] *See* ECF No. 13-1, at 12, 17-18, 19, 38, 41.

Fourteenth Amendment" and observing that "[t]he failure is especially pronounced in that [the prisoner] did specifically raise a due process objection before the state court based on a different claim.").

Mr. Stevenson did not set forth any argument in his opening brief which would have alerted the state appellate court to a particularized violation of his federal Sixth Amendment speedy trial right such as the claim he brings in this Court.  Indeed, the Colorado Court of Appeals reviewed the claim as raising solely an issue of state statutory law, not a federal constitutional issue.  (ECF No. 13-3, at 23-29 of 38).  Mr. Stevenson's contention that he exhausted a federal speedy trial claim because the Colorado Court of Appeals' decision was based, in part, on federal law is not well-taken.  The state appellate court cited *New York v. Hill*, 528 U.S. 110, 114-15 (2000) for the proposition that a defendant may be bound by the actions of his attorney in matters pertaining to the conduct of the trial, even when he objects to them.  *Hill* concerned a defendant's waiver of his speedy trial right under the Interstate Agreement on Detainers (IAD) and does not support Applicant's argument that the Colorado Court of Appeals resolved his statutory speedy trial claim under federal Constitutional law.

Mr. Stevenson cited one federal case in his opening brief–*United States v. Abdush-Shakur*, 465 F.3d 458 (10th Cir. 2006)–for the sole proposition that "[a] trial court's violation of statutory speedy trial guarantees is reviewed for an abuse of discretion, while the court's compliance with applicable legal requirements is subject to de novo review." *Abdush-Shakur*, 465 F.3d at 461.  Consistent with Mr. Stevenson's argument, the pinpoint citation refers to the part of the opinion dealing with the federal Speedy Trial Act.  *Id.*  Although a later part of the *Abdush-Shakur* opinion considers the

separate and distinct Sixth Amendment right to speedy trial, *see id.* at 464-465, Applicant did not rely on this portion of the opinion in his opening brief or cite the Sixth Amendment.[2]

Mr. Stevenson also relies on his citation to *People v. McMurty*, 122 P.3d 237 (Colo. 2005) to show that he alerted the Colorado Court of Appeals to the federal nature of his claim. In *McMurty*, the Colorado Supreme Court held that a trial court's improper denial of a defendant's statutory speedy trial right would not divest the trial court of subject matter jurisdiction to accept a guilty plea. *Id.* at 242. The Court mentioned the federal constitutional right to speedy trial only in the context of this holding. Applicant did not cite *McMurty* in support of any argument that his Sixth Amendment right to speedy trial was violated. Instead, he argued a violation of his statutory right:

> C.R.S. 18-1-405(1) and Crim. P. 48(b)(1) establish an enforceable right to a speedy trial by mandating the dismissal of charges, if a defendant is not brought to trial within six months following the entry of a plea of not guilty, and the delay in trying the case is not otherwise excused under the statute or rule. *E.g., People v. Roberts*, 146 P.3d 589, 592 (Colo. 2006).
>
> The burden of ensuring compliance with these time-limitations rests with the prosecution and the trial court. *Id.* at 593. Nonetheless, a defendant may waive his speedy trial rights by either failing to object to setting a trial date beyond the statutory time-limit or failing to move for dismissal prior to trial. *People v. McMurty*, 122 P.3d 237, 242 (Colo. 2005). Defendants are thus required to timely assert at least "some objection to the proceeding based on speedy trial considerations" in order to preserve their statutory rights. *People v. Drake*, 748 P.2d 1237, 1252 (Colo. 1988).

(ECF No. 13-1, at 28).

---

[2] Following his citation to *Abdush-Shakur*, Petitioner cited *Jaramillo v. District Court*, 484 P.2d 1219, 1222 (1971), for the proposition that "[t]he question of determining when an accused has been denied a speedy trial under the constitution, or under the rule, is necessarily a judicial question." Again, however, Petitioner did not cite this case in the context of arguing a violation of his Sixth Amendment speedy trial right. The Court therefore rejects Applicant's argument in his reply that his citation to *Jaramillo* in his opening brief was sufficient to present a federal constitutional issue.

Mr. Stevenson further argues that the Colorado Court of Appeals was alerted to the federal nature of his claim because the State cited to a federal case in its Response brief. (ECF No. 14, at 4). Specifically, the State cited *United States v. Dirden*, 38 F.3d 1131, 1135 (10th Cir. 1994) for the proposition that "[a]n appellate court reviews de novo a defendant's claim that the trial court violated his constitutional right to speedy trial." (*Id.*). However, this isolated reference to federal law did not transform Mr. Stevenson's state statutory speedy trial claim into a constitutional issue, especially where the Colorado Court of Appeals decided the claim solely under statutory law, without discussing the federal Constitution. *Cf. Weedman v. Hartley,* No. 08-cv-01740-ZLW, 2009 WL 111581 at *5 (D. Colo. Jan. 14, 2009) (federal habeas court found claim exhausted where State appellee addressed claim as federal constitutional issue in its response brief to Colorado Court of Appeals and state appellate court also addressed the claim as arising under the federal Constitution). Again, it is Mr. Stevenson's burden to fairly present his claims to the state appellate courts as federal constitutional issues. *Miranda*, 967 F.2d at 398.

Finally, Mr. Stevenson argues that he exhausted his third claim because he presented it to the Colorado Supreme Court in his petition for certiorari review as a federal constitutional issue. Petitioner argued to the Colorado Supreme Court that the trial court's failure to inquire about the breakdown in communications between him and appointed counsel "resulted in a violation of both Mr. Stevenson's state statutory rights to speedy trial, but also implicated his federal and constitutional rights." *See Micklen v. Taylor*, 535 U.S. 162 (2002); *Bland v. California Dept. Of Corr.*, 20 F.3d 1469 (9th Cir.

1994); *Reed v. Farley*, 512 U.S. 339 (1994)."[3]  However, Applicant is required to present his claim as a constitutional claim at each level of state court review.  *See Miranda*, 967 F.2d at 398.  Accordingly, Mr. Stevenson cannot satisfy the exhaustion requirement by failing to present a constitutional claim to the Colorado Court of Appeals, but then invoking his federal rights in a petition before the Colorado Supreme Court.

The Court finds, for all the reasons discussed above, that Mr. Stevenson has failed to exhaust state court remedies for his third claim, asserting a denial of his Sixth Amendment right to speedy trial.

Respondents argue that Applicant has committed an anticipatory procedural default of claim three because he no longer has a remedy available to him in the state courts.  Crim. P. 35(c)(3)(VII) requires the district court to "deny any claim that could have been presented in an appeal previously brought."  This procedural bar is automatic. *See People v. Versteeg*, 165 P.3d 760, 763 (Colo. App. 2006); *see also People v. Wilson*, ___ P.3d ___, 2011 WL 2474295 (Colo. App. June 23, 2011) ("In accordance with Crim. P. 35(c)(3)(VII), a court must deny any claim that could have been presented in an appeal previously brought."); *People v. Vondra*, 240 P.3d 493 (Colo. App. 2010) (same); *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007) (same).

The United States Court of Appeals for the Tenth Circuit has held in unpublished decisions that Colo. Crim. P. Rule 35(c)(3)(VII) is an adequate and independent state

---

[3]The Court notes that the Sixth Amendment right discussed in *Micklen* was not the constitutional right to speedy trial, but rather the parameters of a Sixth Amendment violation where the trial court fails to inquire into a potential conflict of interest about which it knew or reasonably should have known. *Micklen*, 535 U.S. 162.  By the same token, *Reed* did not concern the Sixth Amendment speedy trial right, but rather addressed the issue of whether a state court's failure to observe the 120-day speedy trial rule in the IAD is cognizable under the federal habeas corpus statute. *See Reed*, 512 U.S. 339.

ground for rejection of post-conviction claims.  See *Burton v. Zavaras*, No. 09-1094, 340 F. App'x 453, 454-55 (10th Cir. Aug. 4, 2009) (unpublished); *Williams v. Broaddus*, No. 08-1254, 331 F. App'x 560, 563 (10th Cir. May 20, 2009) (unpublished).  Accordingly, the Court finds that Mr. Stevenson has procedurally defaulted claim three pursuant to a state procedural rule.

The Court further finds that Mr. Stevenson has failed to provide any basis for a finding of cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default.

Mr. Stevenson argues in his Reply that part of claim three concerns the issue of whether the trial court proceeded to bring him to trial in the absence of jurisdiction, a claim that is not subject to the procedural bar in Colo. R. Crim. P. 35(c)(3)(VII). Applicant relies on *Bahadori v. Milyard*, No. 08-cv-00539, 2010 WL 3003038 (D. Colo. July 29, 2010) (unpublished) in support of this proposition.  However, Mr. Stevenson has misconstrued that decision.  In *Bahadori*, the federal district court declined to resolve the exhaustion and procedural default issues raised by Respondents, in part, because the petitioner's jurisdictional challenge presented a question of state law not cognizable on federal habeas review.  2010 WL 3002028 at *3.  The court stated: "'Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law," citing *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir.1994) and *Estelle v. Mcguire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  Accordingly, to the extent Applicant is challenging the state

court's jurisdiction in claim three, his claim must be dismissed as presenting solely an issue of state law not cognizable on federal habeas review.  Accordingly, it is

ORDERED that claim three, asserting a deprivation of his Sixth Amendment right to speedy trial, is dismissed as procedurally barred.  Further, to the extent Mr. Stevenson challenges the state trial court's jurisdiction in claim three, that portion of the claim is dismissed as presenting an issue of state law only.  It is

FURTHER ORDERED that within thirty (30) days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted claims one and two.  It is

FURTHER ORDERED that within thirty (30) days of the filing of the answer Applicant may file a reply, if he desires.  It is

FURTHER ORDERED that all pending motions are denied as moot.

Dated this 6th day of November, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge