**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-02175-WJM

WILLIAM R. STEVENSON,

    Applicant,

v.

WARDEN RAE TIMME, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

**ORDER DENYING MOTION TO STAY APPLICATION
AND DIRECTING APPLICANT TO SHOW CAUSE**

---

Applicant, William R. Stevenson has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The matter before the Court at this time is Mr. Stevenson's Motion to Stay Application for Writ of Habeas Corpus (ECF No. 26; November 29, 2012). Respondents oppose the motion. (ECF No. 30; December 13, 2012).

On November 6, 2012, the Court issued an order dismissing Applicant's third claim for relief–asserting a violation of his Sixth Amendment right to speedy trial–as procedurally defaulted.[1]  (*See* ECF No. 23). The Court further found that to the extent a portion of claim three challenged the state trial court's jurisdiction, the claim raised an issue of state law only that was not cognizable on federal habeas review. (*Id.*).

---

[1] The Court also concluded that Applicant exhausted state remedies for the first and second claims raised in the Application. (ECF No. 23).

Mr. Stevenson now argues in his motion to stay that his direct appeal counsel was ineffective in failing to raise a Sixth Amendment speedy trial claim and a federal due process claim and that counsel's deficient performance constitutes cause for his procedural default of claim three. (ECF No. 26, at 2). Applicant asks the Court to stay the Application so that he can return to state court to exhaust state remedies for his ineffective assistance of appellate counsel claim. Applicant also requests that the Court reconsider the November 6 Order dismissing claim three as procedurally defaulted. The Court will allow Mr. Stevenson to amend the Application to assert a claim of ineffective assistance of appellate counsel. The Court will also issue an order to show cause to Mr. Stevenson and defer ruling on the motion for reconsideration for the reasons discussed below.

### I. Standard of Review

A district court has discretion to revise interlocutory orders prior to entry of final judgment. *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991) (noting that a motion for reconsideration filed prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir.1988) (citing Fed.R.Civ.P. 54(b)). The district court's discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. *See Raytheon Constructors Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217

(10th Cir. 2003) (stating that "[t]he district court was incorrect to treat the plaintiff's motion for reconsideration [of an interlocutory order] under Rule 60(b) which only applies to final orders or judgments.").

Mr. Stevenson's *pro se* pleadings are afforded a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although the Court does not act as an advocate for a *pro se* litigant, *see Hall*, 935 F.2d at 1110, because of the procedural complexities inherent in habeas corpus proceedings, some advisement to Mr. Stevenson is warranted to inform his decision in this matter.

## II. Exhaustion of State Court Remedies

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if

state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

### III.  Request to Stay § 2254 Application

Mr. Stevenson asserts in his Motion to Stay that ineffective assistance of appellate counsel was just cause for his procedural default of claim three in the Application.

"Attorney error amounting to constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default." *Hickman v. Spears*, 160 F.3d 1269, 1272 (10th Cir. 1998). The ineffective assistance of appellate counsel claim must be exhausted in the state courts as an independent claim before it may be used to establish a procedural default. *See Murray v. Carrier*, 477 U.S. 478, 489 (1986). Mr. Stevenson did not challenge the effectiveness of appellate counsel's representation on direct appeal. Nonetheless, he may still assert the claim in a state post-conviction proceeding. The Court's review of the state court record reveals that Mr. Stevenson has not filed any previous post-conviction motions and the claim is not time-barred under COLO.REV.STAT. § 16-5-402(1) (providing a three-year limitation period for collateral attacks on a non class 1 felony conviction).   If Mr. Stevenson presents the ineffective assistance of appellate counsel issue to the state courts and the Colorado Court of Appeals finds that appellate counsel was constitutionally ineffective, then counsel's deficient performance may excuse Applicant's procedural default of his Sixth

Amendment speedy trial claim. However, the Court finds that a stay of this action is not warranted.

Under *Rhines v. Weber*, 544 U.S. 269 (2005), a federal habeas court has discretion to stay a mixed petition while a habeas petitioner returns to state court to exhaust his unexhausted claims. *Id.* at 277. However, "stay and abeyance should be available only in limited circumstances." *Id.* A habeas petitioner must establish "good cause" for his failure to first exhaust the claims in state court. *Id.* In *Rhines*, the Supreme Court was concerned about the possible expiration of the AEDPA one-year limitation period while an application remained pending in federal court. *Id.* at 269-70; *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that AEDPA limitation period is not tolled during pendency of federal habeas petition**).**

Timeliness issues are not of great concern in this case. The Colorado Supreme Court denied certiorari review in Mr. Stevenson's direct appeal proceeding on March 5, 2012. (*See* ECF No. 14-8). Applicant did not seek a writ of certiorari review with the United States Supreme Court. As a result, his conviction became final ninety days later, on June 4, 2012,[2] when the time in which he could have petitioned for review in the United States Supreme Court expired. *See* Sup. Ct. R. 13(1); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The AEDPA one year limitation period in 28 U.S.C. § 2244(d) began to run on June 5, 2012. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (noting that one-year limitation period commences the day after expiration of the time for seeking review, citing *United States v. Hurst*, 322 F.3d 1256,

---

[2] The 90th day, June 3, 2012, was a Sunday. The first business day following the expiration of the 90-day period was June 4, 2012. *See* Fed. R. Civ. P. 6(a).

1261-62 (10th Cir. 2003)).  At this time, approximately 200 days have elapsed on the AEDPA time clock.  It therefore appears that Mr. Stevenson may be able to meet the statutory one-year filing requirement if he acts diligently to pursue his state court remedy and file his federal application once the state court has finally resolved his ineffective assistance of appellate counsel claim.  Furthermore, Applicant has otherwise failed to demonstrate good cause for his failure to first exhaust the ineffective assistance of appellate counsel claim in state court.  Accordingly, the Court finds no basis for staying this action until Mr. Stevenson has exhausted his state court remedies for his new claim.

## IV.  Order to Show Cause

Because Mr. Stevenson is asserting both exhausted and unexhausted claims, he will be ordered to show cause why the Application should not be denied as a mixed petition.  See *Rose*, 455 U.S. at 522; *Harris*, 48 F.3d at 1133.  In order to avoid dismissal of a habeas application as a mixed petition, Applicant may elect to have the Court dismiss claim three and the ineffective assistance of appellate counsel claim (claim four) and pursue only those claims for which state remedies already have been exhausted (claims one and two).  Alternatively, if Mr. Stevenson wishes to pursue all of his claims in federal court, the habeas action will be dismissed without prejudice so that he may exhaust state remedies for claim four.  Once Applicant has exhausted state remedies for his ineffective assistance of appellate counsel claim, he may return to this Court and file a new application for a writ of habeas corpus asserting all of his claims.  At that time, the Court will consider whether Mr. Stevenson can show that the ineffective

assistance of appellate counsel was just cause for his procedural default of claim three, asserting a violation of his Sixth Amendment right to speedy trial. And, if so, whether Applicant will be prejudiced if this Court does not reach the merits of claim three.

Mr. Stevenson is advised that a decision to dismiss unexhausted claims and pursue immediately only exhausted claims likely will bar an applicant from seeking review of the unexhausted claims in a second or successive application. *See* 28 U.S.C. § 2244(b). Alternatively, if an applicant elects to dismiss the entire action and return to state court to exhaust the unexhausted claims before seeking relief in federal court, the one-year limitation period in § 2244(d) will be applied to any new federal court action the applicant seeks to file. Furthermore, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition"). The fact that the instant action currently is timely under § 2244(d) does not mean that any future action filed by Mr. Stevenson will be timely.

Mr. Stevenson will be afforded an opportunity to show cause why the instant action should not be dismissed as a mixed petition. Alternatively, the Court will allow Mr. Stevenson to decide to dismiss claims three and four and to proceed only with the exhausted claims (claims one and two). If Applicant fails to provide a clear response indicating his intentions, he will have failed to show cause as directed, and the Court will dismiss the instant action as a mixed petition.

Accordingly, it is

ORDERED that the Request for Order Holding the Habeas Petition in Abeyance Pending Exhaustion in State Court of Unexhausted Claims (ECF No. 26), filed on August 24, 2012, is **denied** to the extent Mr. Stevenson requests that the Court stay his § 2254 Application.  The Court further construes the motion (ECF No. 26) as a request to amend the Application to add an ineffective assistance of appellate counsel claim, which is **granted**.   Mr. Stevenson's request (ECF No. 26) that the Court reconsider the November 6, 2012 Order dismissing claim three as procedurally defaulted is deferred pending Applicant's exhaustion of state remedies for his ineffective assistance of appellate claim.  It is

FURTHER ORDERED that Mr. Stevenson show cause **on or before January 18, 2013** why the Application should not be denied as a mixed petition for failure to exhaust state court remedies.  It is

FURTHER ORDERED that, alternatively, Mr. Stevenson may agree to proceed only with the exhausted claim(s) (claims one and two) and claims three and four will be dismissed.

FURTHER ORDERED that the Application will be denied and the action will be dismissed without further notice if Mr. Stevenson fails to show cause as directed within the time allowed.  It is

FURTHER ORDERED that Mr. Stevenson's Motion for Extension of Time (ECF No. 31), to file a Reply to the Respondents' Answer is **denied without prejudice** pending his response to this Order to Show Cause.  Applicant may refile his motion at a later date, if necessary.  It is

FURTHER ORDERED that the Motion to Order Complete Record (ECF No. 33), filed December 13, 2012, is **denied**.   The Adams County District Court Clerk filed a certified copy of the state court record from Mr. Stevenson's state criminal case with this Court on November 20, 2012.  (ECF No. 25).  The state court record on file contains a complete copy of the state criminal proceedings.

DATED at Denver, Colorado, this 17th day of December, 2012.

BY THE COURT:

William J. Martínez
United States District Judge